[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13719
_____

D.C. Docket No. 1:12-cv-23588-PCH

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SILA LUIS,

Defendant - Appellant,

ELSA RUIZ, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 1, 2014)

Before MARTIN, DUBINA, and SENTELLE,[*] Circuit Judges.

PER CURIAM:

A federal grand jury in the Southern District of Florida indicted Appellant Sila Luis ("Luis") for her role in an alleged Medicare fraud scheme that included kickbacks paid to patients who enrolled with her home healthcare companies. In addition to charging Luis with substantive offenses, the indictment included forfeiture allegations pursuant to the general criminal forfeiture statute. 18 U.S.C. § 982. The government brought this civil action to restrain Luis's assets, including substitute property of an equivalent value to that actually traceable to the scheme, before her criminal trial.

Federal law grants district courts the authority to restrain, pretrial, the assets of those accused of certain kinds of fraud. *Id.* § 1345(a)(2). This includes the authority to restrain "property of equivalent value" to that actually traceable to the alleged fraud. *Id.* § 1345(a)(2)(B)(i). Among the enumerated offenses is a "Federal health care offense," *id*. § 1345(a)(1)(C), defined elsewhere to include conspiracy to defraud the United States and to commit an offense against it, in violation of 18 U.S.C. § 371, and conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349. *Id.* § 24(a)(2).

---

[*]Honorable David Bryan Sentelle, United States Circuit Judge for the District of Columbia Circuit sitting by designation.

In this separate civil case, the government moved to restrain Luis's assets pretrial, to include substitute assets not directly traceable to the alleged fraud. After granting a temporary restraining order, the district court held a hearing on a motion for preliminary injunction and ultimately granted the motion. Luis appeals that order, arguing she needs her funds to pay her criminal defense lawyer and that restraining those funds pretrial violates her constitutional rights.

Though we generally review a district court's grant of a preliminary injunction for abuse of discretion, we review questions of law, such as a statute's constitutionality and whether a preliminary injunction violates an individual's constitutional rights, *de novo*. *Odebrecht Constr., Inc. v. Sec'y, Fla. Dep't of Transp.*, 715 F.3d 1268, 1273 (11th Cir. 2013).

After reviewing the record, reading the parties' briefs and having the benefit of oral argument, we affirm the district court's order granting the government's motion for a preliminary injunction. The district court conducted an evidentiary hearing where it heard arguments and testimony and found, based on the hearing and the indictment, that there was probable cause to believe that Luis committed an offense requiring forfeiture, that she possessed forfeitable assets, and that she was alienating those assets. The arguments made by Luis in this appeal are foreclosed by the United States Supreme Court decisions in *Kaley v. United States*, ___ U.S. ___, 134 S. Ct. 1090, 1105 (2014); *Caplin & Drysdale Chartered v. United States*,

491 U.S. 617, 631, 109 S. Ct. 2646, 2655 (1989); *United States v. Monsanto*, 491

U.S. 600, 616, 109 S. Ct. 2657, 2667 (1989); and *United States v. DBB, Inc.*, 180

F.3d 1277, 1283-84 (11th Cir. 1999).  Accordingly, we affirm the district court's

order granting the government's motion for a preliminary injunction.

AFFIRMED.